USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARTIN ROSS,
  a/k/a "Blue,"
MIKAL TARIQ LEAHR,
  a/k/a "Homeboy," and
DESTINY ROMERO,
  a/k/a "Lucky,"

           Defendants.

**PROTECTIVE ORDER**

**19 Cr. 913 (SHS)**

Upon the application of the United States of America, Geoffrey S. Berman, United States Attorney for the Southern District of New York, Assistant United States Attorney Jacob R. Fiddelman, of counsel, for an order limiting the dissemination of any and all discovery produced in connection with the above-captioned case (the "Discovery"), which contains sensitive information regarding third parties, it is hereby ORDERED that:

1. Discovery shall not be disclosed by the defendants or defense counsel, including any successor counsel ("defense counsel") other than as set forth herein, and shall be used by defense counsel and the defendants solely for the purpose of defending this criminal action and, as to defendant Mikal Tariq Leahr, defending the criminal action originating under docket number 19 Mag. 9723 (the "Criminal Cases").

2. The defendants and defense counsel are precluded from disseminating the disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (and any copies and/or screenshots) to anyone beyond the defendants who have appeared in the action, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by the defendants' counsel, independent expert witnesses, investigators, or advisors

retained by the defendants' counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending the Criminal Cases, and such other persons as hereafter may be authorized by the Court upon motion by the defendants.

3. The defendants and defense counsel are precluded from disseminating the disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (and any copies and/or screenshots) to any named defendant who has not yet been apprehended or any such defendant's counsel.

4. The defendants and defense counsel are precluded from using any disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (or any copies or screenshots) for any purpose other than defending the Criminal Cases.

5. The defendants and defense counsel must destroy or return the disks containing the Discovery, and any and all printouts and/or digital versions of the Discovery (including all copies), at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

[Remainder intentionally blank]

6. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
January 9, 2020

GEOFFREY S. BERMAN
United States Attorney
for the Southern District of New York

By: _____
Jacob R. Fiddelman
Assistant United States Attorney

COUNSEL FOR
MIKAL TARIQ LEAHR

By: _____
Marisa K. Cabrera, Esq.
Peggy Cross-Goldenberg, Esq.
Federal Defenders of New York, Inc.

COUNSEL FOR
DESTINY ROMERO

By: _____
Kenneth J. Montgomery, Esq.

SO ORDERED: 1/21/2020

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTICT JUDGE