UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MARTIN ROSS,

Defendant.

---

19-cr-913 (SHS)

ORDER

## Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS defendant Martin Ross has filed a motion pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (*see* ECF No. 164 at 3); and

WHEREAS the Court, after reviewing the motion papers, determines that testimony of defendant's former attorneys Michael W. Martin and Jennifer R. Louis-Jeune is needed in order to allow the Government to further respond to the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Michael W. Martin and Jennifer R. Louis-Jeune from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,

IT IS HEREBY ORDERED that the Clerk of Court shall serve upon defendant a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form by United States mail using the following address information: Martin Ross (No. 87784-054), FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952. The defendant shall execute and return to the Clerk of Court for filing within fourteen days from the date on which he is served with this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within fourteen days from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed by the Clerk of Court on behalf of the defendant, Michael W. Martin and Jennifer R. Louis-Jeune shall give sworn testimony, in the form of declarations, addressing the allegations of ineffective assistance of counsel made by the defendant; and it is further

ORDERED that, within thirty days from the date on which Michael W. Martin's and Jennifer R. Louis-Jeune's declarations are filed, the Government shall file an answer or other pleadings in response to the motion. The defendant shall have thirty days from the date on which he is served with the Government's answer to file a response.

Absent further order, the motion will be considered fully submitted as of that date.

Dated: New York, New York
January 23, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

UNITED STATES OF AMERICA,

v.

MARTIN ROSS,

                 Defendant.

---------------------------------------------------------

19-cr-913 (SHS)

ORDER

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Martin Ross

You have made a motion pursuant to 28 U.S.C. § 2255 on the ground of, *inter alia*, ineffective assistance of counsel by your former attorneys, Michael W. Martin and Jennifer R. Louis-Jeune. (*See* ECF No. 164 at 3). The Court has reviewed your papers and determined that it needs sworn testimonial statements from your former attorneys in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claims. This means that if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret; you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order ordering your former attorneys to give such testimony, in the form of declarations, following receipt by the Clerk of Court of this "Attorney-Client Privilege Waiver (Informed Consent)" form. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about their representation of you. However,

you should also know that the Court may deny your motion if you do not authorize your former attorneys to give testimony in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen days from the date on which you are served with this Order. If the Court does not receive this form, signed by you and notarized, within that time, the Court may deny your motion.

### NOTARIZED AUTHORIZATION

I have read the Court's Order dated January 23, 2025 and this document containing the header "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorneys, Michael W. Martin and Jennifer R. Louis-Jeune, to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____     Dated: _____
Martin Ross


Sworn to before me this ____ day of _____, 2025


_____
Notary Public